UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM CRAVEN,

|  |  |
|---|---|
| *Plaintiff*, | **CASE NO.  20-cv-8464** |
|  | **COMPLAINT** |
| -against- | <u>**JURY TRIAL DEMAND**</u> |

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT ("NYPD")
CHIEF JAMES SECRETO, and JOHN DOES (1-
5),

                                      *Defendants*.
------------------------------------------------------------X

     Plaintiff, William Craven ("Plaintiff"), by and through his attorneys, Ballon Stoll, P.C., complaining of Defendants, The City of New York, New York City Police Department ("NYPD") Chief James Secreto ("Defendant Secreto"), and John Does (1-5) (collectively, "Defendants"), alleges upon personal knowledge, unless where information and belief is stated, the following:

     1.     This is an action brought for substantial compensatory damages and reasonable counsel fees premised upon the Defendants' continuing acts of unlawful discrimination, harassment, and retaliation based on Plaintiff's age and status as a domestic violence victim, in violation of the Age Discrimination in Employment Act  ("ADEA"), 29 U.S.C. § 621 et seq., Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 621 et seq., the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law") § 296, et seq., and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, et seq.

## JURISDICTION AND VENUE

2.      This court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §§ 2000-e5(f)(1),5(f)(3) and supplemental jurisdiction over the State and City law claims pursuant to 28 U.S.C. § 1367.

3.      As the Southern District is the district where a substantial part of the events giving rise to the claims occurred, venue is proper within this district pursuant to 28 U.S.C. § 1391 (a)(2).

4.      Plaintiff filed a charge with the EEOC against Defendants on May 7, 2020, complaining of discrimination on the basis of age, as alleged in this complaint.

5.      On or about July 13, 2020, the EEOC issued a right to sue letter against the Defendants. (attached hereto as **Exhibit A**)

## THE PARTIES

*Plaintiff*

6.      Plaintiff is a "person" within the meaning of Executive Law § 292(1), and within the meaning of New York City Administrative Code § 8-102(1).

7.      Plaintiff resides in the County of Richmond, New York.

*Defendants*

8.      Defendant The City of New York (the "City") is a municipal corporation existing by virtue of the laws of the State of New York.  The City is liable for the discrimination Plaintiff suffered.

9.      Defendant City is an employer within the meaning of Executive Law § 292(5), and within the meaning of New York City Administrative Code § 8-107(5).  Upon information

and belief, the NYPD employs approximately 35,000 police officers throughout City of New York.

16.    At all relevant times herein, Plaintiff was employed by the Defendant City at its NYPD.

11.    Defendant Secreto is employed by the City's NYPD as the Chief of Housing.

12.    Upon information and belief, Defendant Secreto and John Does (1-5) had supervisory authority over Plaintiff and the ability to make decisions as to Plaintiff's employment.

**JURY DEMAND**

13.     Plaintiff hereby demands a trial by jury in this action.

**FACTS**

14.    Plaintiff, 48 years old, began working for the NYPD in 2002 when he was accepted into the Police Academy.

15.    Throughout his time in the NYPD, Plaintiff has consistently received superb evaluations and has always performed his duties and responsibilities at a high level and currently holds the title of Sergeant.

16.    Plaintiff graduated from the Police Academy in 2002 and was placed within the 70th Precinct.

17.    Plaintiff was promoted to Sergeant February 2009 and in 2014 became the Housing Director of the Sergeant's Benevolent Association (SBA) where Plaintiff oversaw and directed nine (9) other SBA delegates throughout the City of New York.

18.    Since 2016, Plaintiff has been consistently discriminated against and subjected to a hostile work environment on the basis of his age and status as a domestic violence victim.

19.     In or about the beginning of October 2016, Plaintiff filed and received a restraining order against the mother of his child in relation to a domestic incident in which Plaintiff was the victim.

20.     In or about the end of November of 2016, the mother of Plaintiff's child filed for and received a cross-restraining order.  Both of these actions occurred in New Jersey as this is where the incident had taken place.

21.     Upon information and belief, the NYPD was aware of these proceedings and Plaintiff's status as a domestic violence victim.

22.     Plaintiff was immediately placed on modified duty by the NYPD and Defendant Secreto despite being the victim to this domestic incident.

23.     Plaintiff had his gun and shield taken from him and was transferred to PSA2 VIPER.

24.     Plaintiff remained in PSA2 VIPER for approximately one year.

25.     Upon information and belief, it is well known throughout the NYPD that a transfer to a VIPER unit is used for officers and sergeants who have disciplinary issues.  As mentioned previously, Plaintiff did not have any disciplinary issues and had always received high performance evaluations.

26.     Upon information and belief, other younger officers with less rank than Plaintiff were not transferred upon their return from suspensions.

27.     These officers include Hector Tejada (26), Jason Rodriguez (31), and Denzel Jacobs (26), all of which were returned to their same VIPER units following their suspensions and/or arrests.

28.     In fact, upon information and belief, Officer Jacobs was suspended for the same charge as Plaintiff (contempt) yet following his suspension returned right back into his old role within the same unit.

29.     In or about May 2017, two final restraining orders were handed down by the New Jersey family court judge against both Plaintiff and the mother of his child.

30.     Plaintiff appealed the restraining order against himself to the Appellate Division in New Jersey.

31.     In or about December 2017, Plaintiff was transferred yet again to PSA9 VIPER in Queens.

32.     In the beginning of 2018, Plaintiff reached out the Defendant Secreto requesting a meeting to discuss the constant discriminatory transfers that Plaintiff was receiving.

33.     Plaintiff never received a meeting with Defendant Secreto.

34.     Plaintiff continued to reach out Defendant Secreto's office requesting a meeting but did not receive a response.

35.     In or about April 2018, Plaintiff was arrested on false charges for contempt.  This is was relation to the mother of Plaintiff's child filing a criminal complaint against Plaintiff for violating the restraining order.

36.     Plaintiff was not in fact in violation of the restraining order and Plaintiff was acquitted of all charges

37.     The NYPD and Defendant Secreto placed Plaintiff on a 30 day suspension.

38.     Upon Plaintiff's return from suspension, Plaintiff was once again transferred to PSA7 VIPER.

39.     Throughout each of Plaintiff\s transfers, Plaintiff was kept on modified duty and was unable to carry his firearm.

40.     Shortly after Plaintiff's transfer to PSA7, Plaintiff received a letter from the NYPD that in order to continue his duties within the department he would need to have the New Jersey restraining order amended.  The letter further threatened that Plaintiff would be terminated if this was not complied with.

41.     The New Jersey restraining order prohibited Plaintiff from carrying  a firearm within New Jersey.  Upon information and belief, the NYPD was using the restraining order, that did not apply in New York, against Plaintiff so that he would stay on modified duty and be incapable of performing his full duties as a Sergeant.

42.     In or about September 2018, Plaintiff was charged for making terroristic threats against the mother of his child. Once again, these charges were dismissed as unfounded. However, Plaintiff was immediately suspended by the NYPD.

43.     On or about October 26, 2018, the restraining order against Plaintiff was ultimately dismissed by the Appellate Division of New Jersey and the restraining order against the mother of his child was affirmed.

44.     This however did not change the hostility and discrimination that Plaintiff faced.

45.     Plaintiff was transferred yet again, this time to Manhattan VIPER.  This was Plaintiff's fourth transfer in 2 years, something unheard of for a Sergeant with almost 17 years experience within the NYPD.

46.     Upon information and belief, no other younger officers assigned within the VIPER units of the NYPD have been transferred this many times in a 2 year span.

47.     Upon information and belief, the NYPD and Defendant Secreto and John Does (1-5) was subjecting Plaintiff to "road therapy".

48.     Upon information and belief, road therapy is when older officers and sergeants are transferred to units and division that are far away from their homes in an effort to force these older officers to retire.

49.     Plaintiff was transferred four times within a two year span, all of them which were locations that caused Plaintiff to have to travel great distances each day.

50.     Furthermore, due to the constant transfers that Plaintiff was subjected to, he was forced to give up his Housing Director of the SBA and therefore was unable to stay on as Union Delegate due to the shame and humiliation of Plaintiff's constant transfers.

51.     Recently, shortly after Plaintiff filed his EEOC complaint, Plaintiff was transferred yet again, this time to the Police Academy in Queens.

52.     Upon information and belief, this was yet another instance of Defendants discriminating against Plaintiff on the basis of his age and status as a domestic violence victim and retaliating against for filing a complaint with the EEOC.

53.     Upon information and belief, other younger officers with less rank than Plaintiff were not transferred upon their return from suspensions.

54.     These officers include Hector Tejada (26), Jason Rodriguez (31), and Denzel Jacobs (26), all of which were returned to their same VIPER units following their suspensions and/or arrests.

55.     In fact, upon information and belief, Officer Jacobs was suspended for the same charge as Plaintiff (contempt) yet following his suspension returned right back into his old role within the same unit.

56.     Plaintiff however, was transferred each time he returned from suspension, even though the charges against Plaintiff were false and unfounded.

57.     Upon information and belief, Defendants had immediate knowledge of these false allegations as they were present at each of Plaintiff's court appearances with regard to the arrests mentioned above and had specific knowledge of Plaintiff's status as a domestic violence victim.

58.     On or about June 24, 2020, Plaintiff was signing out of his command log and was approached by an Assistant Project Manager, a civilian employee within the NYPD.   The Assistant Project Manager was trying to unlock one of the office doors within the unit in which I worked. The keys to this office were given to Plaintiff by the previous Sergeant in that unit with the understanding that Plaintiff, due to his rank of Sergeant, would receive this office as well.

59.     The Assistant Project Manager stated that Plaintiff was not entitled to this office and this office was going to be hers. A civilian Director employee of the NYPD, was present and told Plaintiff that the Assistant Project Manager was Plaintiff's boss despite Plaintiff holding the role of Sergeant.   Upon information and belief, this was yet another instance of Defendants discriminating and retaliating against Plaintiff.

60.     On or about September 18, 2020, the Assistant Project Manager told Plaintiff that they were moving his office so that the new principal of the unit (a civilian employee) would be able to use Plaintiff's current office.

61.     Following this, on or about September 22, 2020, the Lieutenant of the unit, Plaintiff's direct superior, told Plaintiff that he had to move his office due to the new principal coming in.  The Lieutenant told Plaintiff that this was an order coming directly from the civilian Executive Director.  This once again, upon information and belief, was another continuing act of

discrimination and retaliation against Plaintiff on the basis of his age and status as a domestic violence victim.

62. Upon information and belief, Defendants discriminated against Plaintiff and subjected him to a hostile work environment on the basis of his age as younger officers were treated differently and better than Plaintiff was.

63. Defendants further discriminated, retaliated, and subjected Plaintiff to a hostile work environment on the basis of his status as a domestic violence victim.

**FIRST CAUSE OF ACTION**
**(Age Discrimination – Disparate Treatment – Federal Claim**
**against the City of New York)**

64. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-63, as set forth above.

65. Defendants are employers as defined in 29 U.S.C.A. § 630 and at all relevant times herein, employed Plaintiff.

66. In violation of the Age Discrimination in Employment Act ("ADEA") and Older Workers Benefit Protection Act ("OWBPA") defendants discriminated against Plaintiff based on age by treating him differently and worse than similarly situated younger officers.

67. This discrimination was a result of intentional actions by Defendants, deliberate indifference by Defendants, and /or the result of Defendants maintaining a policy or practice that treats employees of Plaintiff's age differently from and less favorably than similarly situated employees who are younger than him, and subjecting him to disparate terms and conditions that similarly situated, younger individuals do not endure.

68. Furthermore, by reason of the continuous nature of Defendants' discriminatory and disparate treatment of Plaintiff based upon his age, which persisted throughout the relevant

periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicial impact on Plaintiff.

69.     As a result of the Defendants discrimination, Plaintiff suffered and continues to suffer damages, including but not limited to lost income, mental anguish, and pain and suffering. He is also entitled to attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Age Discrimination- Disparate Treatment- New York
### State Claim against all Defendants)

70.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1-69 as set forth above.

71.     At all relevant times, Defendants were an "employer" within the meaning of Executive Law § 292(5).

72.     Plaintiff is an "employee" within the meaning of Executive Law § 292(6).

73.     Plaintiff has been subjected to Defendants' disparate treatment, in whole or in part, on the basis of his age, in violation of the New York State Human Rights Law; Executive Law §296(1)(a), by treating him differently from and less favorably than similarly situated employees who were younger than him, subjecting him to disparate terms and conditions that similarly situated, younger individuals did not endure.

74.      Furthermore, by reason of the continuous nature of Defendants' discriminatory and disparate treatment of Plaintiff based upon his age, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicial impact on Plaintiff.

75.     As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur, damages thereby, but not limited to back pay, forward pay, , and attorneys' fees.

76.     As a result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, and loss of enjoyment of life.

## THIRD CAUSE OF ACTION
### (Age Discrimination – Disparate Treatment- New York City
### Claim against all Defendants)

77.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1-76 as set forth above.

78.     Plaintiff has been subjected to Defendants' disparate treatment on the basis of his age in violation of the New York City Administrative Code §8-107, by treating him differently from and less favorably than similarly situated employees who were younger than him, subjecting him to disparate terms and conditions that similarly situated, younger individuals did not endure.

79.     Furthermore, by reason of the continuous nature of Defendants' discriminatory and disparate treatment of Plaintiff based upon his age, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicial impact on Plaintiff.

80.     As a result of Defendants discriminatory conduct, Plaintiff has incurred, and will continue to incur, damages thereby, but not limited to back pay, forward pay , and attorneys' fees.

81.     As a result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, and loss of enjoyment of life.

**FOURTH CAUSE OF ACTION**
**(Hostile Work Environment- Federal Claim)**

82.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-81 of this Complaint as though fully set forth in this paragraph of the Complaint.

83.     Defendants created a hostile work environment for Plaintiff, when they created an objectively abusive work environment for Plaintiff, which altered the conditions of Plaintiff's employment, in an attempt to marginalize him within the NYPD.

84.     Furthermore, by reason of the continuous nature of Defendants' hostile and discriminatory treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicial impact on Plaintiff.

85.     As a result of Defendants harassing conduct, Plaintiff has incurred, and will continue to incur, damages thereby, but not limited to back pay, forward pay, and attorneys' fees.

86.     As a result of defendants' harassing conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, and loss of enjoyment of life; and has incurred and will incur damages thereby.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment- New York State Claim against all Defendants)

87.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-86 of this Complaint as though fully set forth in this paragraph of the Complaint.

88.     Defendants created a hostile work environment for Plaintiff, when they created an objectively abusive work environment for Plaintiff, which altered the conditions of Plaintiff's employment, in an attempt to marginalize him within the NYPD, in violation of New York State Human Rights Law; Executive Law §296(1)(a).

89.     Furthermore, by reason of the continuous nature of Defendants' hostile and discriminatory treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicial impact on Plaintiff.

90.     As a result of Defendants harassing conduct, Plaintiff has incurred, and will continue to incur, damages thereby, but not limited to back pay, forward pay, and attorneys' fees.

91.     As a result of defendants' harassing conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, and loss of enjoyment of life; and has incurred and will incur damages thereby.

## SIXTH CAUSE OF ACTION
### (Hostile Work Environment- New York City Claim against all Defendants)

92.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-91 of this Complaint as though fully set forth in this paragraph of the Complaint.

93.     Defendants created a hostile work environment for Plaintiff, when they created an objectively abusive work environment for Plaintiff, which altered the conditions of Plaintiff's employment, in an attempt to marginalize him within the NYPD, in violation of the New York City Administrative Code 8-107(1)(a), et seq.

94.     Furthermore, by reason of the continuous nature of Defendants' hostile and discriminatory treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicial impact on Plaintiff.

95.     As a result of Defendants' harassing conduct, Plaintiff has incurred, and will continue to incur, damages thereby, but not limited to back pay, forward pay, and attorneys' fees.

96.     As a result of defendants' harassing conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, and loss of enjoyment of life, and monetary damages including but not limited to legal fees; and has incurred and will incur damages thereby.

**SEVENTH CAUSE OF ACTION**
**(Retaliation - Federal Claims pursuant to the ADEA)**

97.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-96 of this Complaint as though fully set forth in this paragraph of the Complaint.

98.     Plaintiff was subjected to retaliation in that he was given numerous transfers and suspensions as a result of his participation in a protected activity.

99.     As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income, and legal fees.

100.    As a result of Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of quality of life.

**EIGHTH CAUSE OF ACTION**
**(Retaliation - New York State Claim under the**
**Executive Law Against All Defendants)**

101.    Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-100 of this Complaint as though fully set forth in this paragraph of the Complaint.

102.    Plaintiff was subjected to retaliation in that he was given numerous transfers and as a result of his participation in a protected activity.

103.    As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income, reduced pension benefits, and legal fees.

104.    As a result of Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of quality of life.

## NINTH CAUSE OF ACTION
### (Retaliation -New York City Claim pursuant to the
### Administrative Code Against All Defendants)

105.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-104 of this Complaint as though fully set forth in this paragraph of the Complaint.

106.     Plaintiff was subjected to retaliation in that he was given numerous transfers and as a result of his participation in a protected activity,

107.     As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income, reduced pension benefits, and legal fees.

108.     As a result of Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of quality of life.

## TENTH CAUSE OF ACTION
### (DISCRIMINATION-DOMESTIC VIOLENCE VICTIM –
### New York State Claim pursuant to the Executive Law Against All Defendants)

109.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-108 of this Complaint as though fully set forth in this paragraph of the Complaint.

110.     In violation of the New York State Human Rights Laws, Defendants discriminated against Plaintiff on the basis of his status as a victim of domestic violence by subjecting Plaintiff to a hostile work environment and treating him differently and less well then similarly situated employees.

111.    As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income, reduced pension benefits, and legal fees.

112.    As a result of Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of quality of life.

### ELEVENTH CAUSE OF ACTION
### (DISCRIMINATION-DOMESTIC VIOLENCE VICTIM -
### New York City Claim pursuant to the Administrative Code Against All Defendants)

113.    Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained i by reference herein paragraphs 1-112 of this Complaint as though fully set forth in this paragraph of the Complaint.

114.    In violation of the New York City Human Rights Laws, Defendants discriminated against Plaintiff on the basis of his status as a victim of domestic violence by subjecting Plaintiff to a hostile work environment and treating him differently and less well then similarly situated employees.

115.    As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income, reduced pension benefits, and legal fees.

116.    As a result of Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of quality of life.

.              **WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, awarding Plaintiff compensation and other damages in the form of back pay, front pay, and other monies and benefits unlawfully denied to Plaintiff, as well as for

emotional distress, permanent damages to Plaintiff's emotional/mental well-being, loss of enjoyment of life, including pain and suffering, shame and humiliation.

1.      On the First Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

2.      On the Second Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

3.      On the Third Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

4.      On the Fourth Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

5.      On the Fifth Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

6.      On the Sixth Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

7.      On the Seventh Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

8.     On the Eighth Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

9.     On the Ninth Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

10.    On the Tenth Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

11.    On the Eleventh Cause of Action, judgment against Defendants for at least One Million Dollars ($1,000,000.00) in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

That Plaintiff have such other, further, and different relief as the Court deem just, proper, and equitable in the circumstances, together with interest on all Causes of Action, attorney's fees, and costs and disbursements in this action.

Dated: New York, New York
       October 9, 2020

                                        BALLON STOLL, P.C.

                                        By:____*s/Marshall Bellovin*_____
                                              Marshall B. Bellovin, Esq. (MB5508)
                                              *Attorneys for Plaintiff*
                                              810 Seventh Avenue, Suite 405
                                              New York, New York, 10019
                                              212-575-7900